# JULIA SLICER et al. v. T. B. OWENS et al., Appellants.

### Division Two, March 21, 1912.

1. **BURDEN OF PROOF: Limitations.** The burden of proof was upon defendant who pleaded the Statute of Limitations in an action in ejectment and to quiet title.

2. **SUIT TO QUIET TITLE: Defense of Limitations: Action at Law: Appeal: Statement.** An action under Sec. 2535, R. S. 1909, to quiet title, and for ejectment, to which is pleaded the defense of limitations, is an action at law, and the Supreme Court will not usurp the duty of the trial court, sitting as a jury, to weigh the evidence. The appellate court's statement of the case means simply that there was some evidence of the facts stated.

3. ————: **Limitations: Disability.** Possession acquired during the minority of the plaintiffs, who were still minors at the time of action brought, cannot afford defendant a basis for the plea of the Statute of Limitations.

4. ————: ————: **Color of Title: Defective Deed.** A deed which describes none of the land to which defendant seeks to prove title by limitations, can afford no color of title beyond the bounds of defendant's actual possession.

5. ————: ————: ————: **Corrected Deed.** A deed given in correction of one which did not describe any of the land in suit, will not constructively extend the grantee's prior possession to parts of the land over which he exercised no dominion.

6. ————: ————: **Granting New Trial: Appeal.** Where the trial court, after deciding the many things in issue upon evidence which left many of them uncertain, and after giving judgment, sets aside its findings and grants a new trial, the order granting a new trial must be affirmed.

7. **NEW TRIAL: Combined Subject-Matter of Action: Severed by Order.** Two contiguous, separately described tracts of land were included in each count of the petition in this action to quiet title and for ejectment, and combined also in the finding and judgment of the trial court. Upon a general motion for a new trial, the court ordered a new trial as to one tract, but not as to the other. *Held*, that such order must be taken as opening the whole case for retrial as to both tracts.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED (*as modified*).

*Abington & Phillips* for appellants.

(1)    Harp's entering onto lot five in section five and clearing the land of underbrush and timber, is occupancy of a character to set in operation the Statute of Limitations. Johns v. McKibben, 156 Ill. 71; Smith v. Bryan, 44 N. C. 180; Twohig v. Leamer, 48 Neb. 247; Lantry v. Parker, 37 Neb. 353; Backus v. Burk, 63 Minn. 272; Menkins v. Overhouse, 22 Mo. 70; Powell v. Davis, 54 Mo. 315; Holliday-Klotz v. Markham, 96 Mo. App. 51. (2) Harp could transfer his right acquired by adverse possession to the defendant so that title by adverse possession could ripen in defendant. Cooper v. Ord, 60 Mo. 420; 1 Cyc. 1003.

*Orchard & Cunningham* for respondents.

(1)    To give color of title a deed must designate clearly the land conveyed. Hamilton v. Boggess, 63 Mo. 244; Wilkerson v. Thompson, 82 Mo. 328; Allen v. Mansfield, 108 Mo. 348; Brewing Co. v. Payne, 197 Mo. 428. (2)    One claiming title by adverse possession without color of title will be restricted in his possession to the part actually occupied or cultivated. Bradley v. West, 60 Mo. 40. (3)    When the motion for new trial was sustained in part, it should have been sustained in whole. 2 Black on Judgments, sec. 30; Russell v. Railroad, 154 Mo. 430; Cramer v. Barman, 193 Mo. 329.

BLAIR, C.—This is an appeal from an order of the Butler Circuit Court sustaining a motion for new trial.

The petition contains a count in ejectment to recover possession of lot one of the northwest quarter of section eight and lot five of the southwest quarter of section five, all in township twenty-five, range eight east, Butler county, Missouri, and contains a second count under section 2535, Revised Statutes 1909, to quiet plaintiffs' title to the same lands.

The answer admits possession and admits claim of title, denies all other allegations, sets up a plea of the Statute of Limitations to both counts of the petition and contains a count to quiet title under section 2535, Revised Statutes 1909.

T. A. Slicer, who was the record owner of the land in controversy, died March 3, 1895, leaving as his heirs two minor daughters, the plaintiffs in this case.

For defendant there was evidence tending to show that some time in 1893 James L. Green went upon lot one above described, built a small house and barn thereon, and cleared and inclosed an acre and a half or two acres thereof. In the summer or fall of 1894 he cleared a small part of lot five here involved, the area cleared being variously estimated at from four to six acres. The nature, extent, location (with respect to the lot lines) and object of this clearing by Green, as well as the use, if any, to which he put the ground is not clearly indicated. Until about January or February, 1895, Green had no color of title.

Defendant offered and the court admitted in evidence, over plaintiffs' exception, a deed from one Van Ausdale and wife to James L. Green, dated and acknowledged in November, 1892, and filed for record in March, 1893, purporting to convey lot one of the northeast quarter of section eight and lot five of the northwest quarter of section six, township twenty-five, range eight, east, and other lands.

A deed to the land in suit, dated January 23, acknowledged January 24, and filed February 1, 1895,

241 Sup.—21

signed by Van Ausdale and wife, in which James L. Green was grantee, was put in evidence. Green and his wife executed two deeds, both dated January 24 and filed March 25, 1895, one to W. J. Owens, the original defendant, and one to one Harp, for lots one and five respectively. Harp died thereafter, and by deed dated June 26, 1900, and recorded in March, 1906, his widow attempted to convey lot five to W. J. Owens.

The evidence further tended to show that Green occupied the house on lot one until March 12, 1895, when he delivered possession thereof to W. J. Owens, the defendant, who moved in on the same day and had held possession from that time until the trial.

There was no house and no inclosure on lot five. Harp boarded with Owens and went to work on lot five on March 12, 1895, or very soon thereafter, and held possession of this lot until his death, after which his widow and thereafter tenants of Owens were in possession until the trial. Owens paid the taxes regularly on lot one and Harp paid them on lot five until his death, after which the taxes on this lot were paid by Owens. There was no evidence that Green ever paid any taxes on any of the land.

The second deed from Van Ausdale to Green (dated January 23 and filed February 1, 1895) recited that it was made to correct the description in the first deed from Van Ausdale to Green.

For plaintiffs there was some evidence in rebuttal tending to show that Green abandoned the land in the winter of 1894-95 and was not in possession at the time he sold to Owens and Harp.

On this evidence the court found for defendant and rendered a judgment quieting his title to both lots one and five, describing them.

Plaintiffs filed a motion for new trial which the court overruled as to lot one and sustained as to lot five "on the ground that the Statute of Limitations

had not run against plaintiffs, or in favor of defendants as to said land (lot five) at the time of the institution of this suit." Both plaintiffs and defendant appealed. Since the appeal was taken, W. J. Owens, the original defendant, has died, and his heirs have entered their appearance and been made parties to the record in his stead.

I. The burden was upon defendant to make out his defense under the Statute of Limitations and it was the province of the trial court, sitting as a jury (Minor v. Burton, 228 Mo. l. c. 563, 564; Lee v. Conran, 213 Mo. l. c. 412, *et seq.;* sec. 1968, R. S. 1909), to weigh the evidence and determine the real facts of the matter. This duty this court cannot usurp. What has been said in the statement of the case is to be taken to mean simply that there was some evidence of the facts stated—enough to require the trial court to pass upon the facts—and not that this court intends the statement made as in any sense a finding of facts one way or the other.

Plaintiffs' father, the owner of the record title, died March 3, 1895, and plaintiffs themselves were then, and until this action was begun, remained, minors.

The possession taken by Owens and Harp could not have begun until March 12, 1895, and it alone could not, by reason of plaintiffs' minority, suffice as a basis for the plea of the statute. The deeds from Green to defendant Owens and to Harp, if accepted in good faith, were sufficient to warrant a finding that the latter succeeded respectively to Green's possession and that defendant in this case was entitled to rely upon that possession for whatever it is worth in making out his proof of title by limitations, provided the subsequent possession of Owens and Harp was of the requisite character and duration. The character and

extent of Green's possession is therefore an important question in this case.

The first ·deed from Van Ausdale to Green did not describe any of the land in suit and consequently Green had no color of title until the delivery of the second Van Ausdale deed. [Angell on Lim., sec. 408.] The fact that the second deed purported to be a deed of correction made no difference. Such correction could not, in the circumstances of this case, reach into the past and of itself constructively extend Green's *prior* possession to parts of the land over which he exercised no dominion or acts of ownership whatever and to which there is little, if any, evidence he so much as made claim.

Until the delivery of the second Van Ausdale deed, therefore, the Statute of Limitations could not possibly have been set in motion except as to the portions of the tracts involved which were in Green's actual possession.

The *bona fides* of the second Van Ausdale deed to Green (Crispen v. Hannavan, 50 Mo. l. c. 548; Bradley v. West, 60 Mo. l. c. 41; Hunter v. Wethington, 205 Mo. l. c. 293; Gaines v. Saunders, 87 Mo. l. c. 562), Green's possession subsequent to the execution and delivery of that deed, the question of his abandonment of the premises, the question whether, though he had possession of a part of the land under color of title, etc., to the whole, he exercised the requisite acts of ownership over those parts not held in actual possession (Sec. 1882, R. S. 1909; Herbst v. Merrifield, 133 Mo. l..c. 272; Hedges v. Pollard, 149 Mo. l. c. 227), the commencement, character, continuity and duration of Harp's and Owens's possession subsequent to March 12, 1895, as well as other matters of fact, were necessarily presented by the record for the determination of the trial court. The record in this court does not even show when this action was instituted, and that is an important element in a case of this kind.

All these things the trial court was called upon to decide upon evidence which left many, if not all, of them uncertain. The trial court having set aside its findings and judgment on the ground that "the statute had not run," etc., we interpret that rather uncertain language in support of the ruling on the motion for a new trial as meaning that on the evidence then before the court it was of the opinion the finding should have been against title by limitation as to lot five, and that the ruling was on the weight of the evidence.

In such a case this court will not reverse an order granting a new trial in circumstances like those now presented. At the least we cannot say that as a matter of law the court should have declared in this case that the finding must be for defendant. Consequently the order granting a new trial must be affirmed. [Haven v. Railroad, 155 Mo. l. c. 230, 231; McCarty v. Transit Co., 192 Mo. l. c. 404.]

II. The order went only to one tract, there being two contiguous, separately described tracts involved. Both tracts were included in both counts of petition and of course included in the same finding and judgment. The motion for new trial was general. It is urged that the court had no power to thus bisect the general finding and judgment and put asunder things joined together in each count of the petition, in the taking of evidence and in the general finding made. We do not find it necessary to decide so broad a question. If in any case a trial court has power in its rulings on a general motion for new trial to divide a verdict, finding or judgment which, as to the subject-matter affected, follows a single count (that being the effect of this judgment when viewed in connection with the joining of both tracts in both counts), then that power is one certainly not to be exercised when it is not clear that there is no such interdepen-

dence in the evidence with respect to the severed parts as to leave it doubtful whether such severance unless made before trial (Sec. 1971, R. S. 1909) might not be productive of injustice. The issues as to the two tracts are so blended in the record in this court that we think that though it could be conceded there exists a power to divide a general finding, this is not a proper case for its exercise and the order entered must be taken as opening the whole case for retrial as to both tracts.

With this modification and amendment of the order entered, the judgment of the trial court is affirmed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.