Elmer Thomas, Appellant, v. George McDonald.

Division Two, August 16, 1926.

**1. LAND: Acquiring Title: Knowledge of Adverse Claim: Possession.** One person, with knowledge of the claim of title to land by another person in actual possession, but having no legal title, can, unless prevented by acts amounting to estoppel, acquire the legal title and the right of possession as against such other, by taking a deed from the record owner.

**2. ———: Color of Title: No Description: Adverse Possession.** A deed from the record owner which does not describe the land in controversy does not give the grantee color of title. And open, adverse and exclusive possession by such grantee does not give him title until is has continued for the required statutory period necessary to give him title by the Statute of Limitations.

**3. ———: Wrong Description in Deed: Reformation: Conveyance to Another.** Unless such a mistake was made in the description of the land actually sold as would authorize the reformation of the deed in a proceeding appropriate for that purpose, the grantor has a right to retake possession of the land, and convey it to another.

**4. ———: ———: Estoppel.** Mere knowledge by plaintiff that the deed naming defendant as grantee did not describe the land in controversy and that defendant claimed to be the owner and that the land had been sur-

veyed after the deed to defendant was made and that his father's fence was found to be on the land and was moved to the then ascertained true line, did not estop plaintiff from obtaining a deed from the same grantor which correctly described the land; and where there is no evidence of acts or conduct of plaintiff which induced defendant to take some action to his disadvantage or to refrain from taking some action to his advantage, or that in some way lulled him into a sense of security, plaintiff is not estopped to assert title under his later deed.

5. **LAND: Wrong Description in Deed: Quieting Title: Reformation: Judgment.** In the suit to quiet title, wherein plaintiff's deed correctly describes the land in controversy and defendant's earlier deed describes other land, and wherein plaintiff's acts and conduct do not estop him to assert title under his later deed from the same grantor, a judgment for defendant is unauthorized unless defendant's deed is first reformed to correctly describe the land.

---

Corpus Juris-Cyc. References: **Adverse Possession**, 2 C. J., Section 339, p. 177, n. 89. **Estoppel**, 21 C. J., Section 155, p. 1154, n. 2. **Quieting Title**, 32 Cyc., p. 1379, n. 82. **Reformation of Instruments**, 34 Cyc., p. 984, n. 34.

Appeal from Oregon Circuit Court.—*Hon. E. P. Dorris*, Judge.

REVERSED AND REMANDED.

*J. D. Wallace* for appellant.

BLAIR, J.—Action to quiet title to a small tract of land in Oregon County. The trial court found for defendant and plaintiff has appealed.

The petition is in conventional form, and alleges that plaintiff is the fee-simple owner of the fractional northeast quarter of the northwest quarter lying west of the Eleven Points River of Section 33, Township 22, Range 2 west, in Oregon County, and that defendants Newt McDonald and George McDonald claim to have some title, interest or estate therein. The prayer is for an ascertainment of the titles, estates and interests of plaintiff and defendants in said land.

Defendant Newt McDonald does not seem to have filed an answer. He testified that he claimed no interest in the land and the court found that he had disclaimed any such interest. Defendant George McDonald filed separate answer, claiming title to said land and denying that plaintiff is the fee-simple owner thereof or has any just claim thereto. Said defendant further alleged "that on the 18th day of March, 1914, one Elvie McDonald purchased said land in question, from the then owner, Mississippi County, State of Missouri, for a valuable consideration, which was by the said Elvie McDonald paid to the said Mississippi County, whereupon, the said Mississippi County executed, and delivered a deed patent to the said Elvie McDonald for the said land, which was by him duly filed for

record on the 1st day of April, in the Recorder's office in Oregon County, Missouri, and recorded in Deed Record Book 89, at page 370; that the said Elvie McDonald caused the said land to be surveyed, and the boundary lines located, and established, by the county surveyor, Wade Heiskell; that at the time said land was surveyed. this plaintiff owned and was in possession of land adjoining or near the land in question herein, and had full knowledge of the survey, and claim of ownership by the said Elvie McDonald; that at the time of the said survey it was discovered by this plaintiff that a part of his father's fencing was located on the land in question, and he, his father, immediately removed his said fence from off of said premises, and erected it over on his own premises; that afterward, on the 19th day of April, 1915, the said Elvie McDonald sold said land for a valuable consideration to the defendant, George McDonald, and executed and delivered him a warranty deed for said premises he sold to said defendant; that the said George McDonald immediately thereafter took possession of said premises, and erected valuable improvements thereon; it was afterward discovered by this plaintiff that the deed executed by the said Mississippi County to said Elvie McDonald had a mistake in describing the land it had sold to the said Elvie McDonald and did not properly describe said land, thereupon, as soon as said plaintiff discovered said mistake, he immediately (without the knowledge or consent of this defendant) fraudulently induced the said Mississippi County to execute a second deed to him for the same land it had formerly sold to the said Elvie McDonald, the said plaintiff well-knowing that this defendant had purchased said land and had made valuable improvements thereon, and was in actual possession of said premises; that plaintiff immediately after procuring said deed had the same placed of record in Deed Record Book 112, at page 208, and afterward filed this cause of action, well-knowing all the facts as herein set forth. Therefore, this defendant prays the court to render a judgment, and decree cancelling the said deed so procured by this plaintiff through fraud from the said Mississippi County; and for a further order of the court for a decree correcting and reforming the deeds from the said Mississippi County of Elvie McDonald, in Book 89, page 370, and the deed from Elvie McDonald to George McDonald recorded in Book 93, at page 61, of Oregon County deed records, and for the further order of court determining and decreeing the title to said premises to be in the said George McDonald; and that plaintiff and his grantees be precluded and forever barred from having or claiming any title to said land in question; and for any other and further relief in the premises as to the court may seem meet and just.''

315 Mo.—71.

In reply, plaintiff alleged that he purchased the land in good faith and recorded his deed as alleged by defendant. The judgment rendered by the court is as follows:

"Now comes on this cause to be heard and both plaintiff and defendants appear in person and by attorneys, and announce ready for trial, and the court sitting as a jury, and after hearing the pleading read, and hearing the evidence and argument of counsel, finds the issue for the defendant George McDonald, the defendant Newt McDonald filing a disclaimer to the title to the land involved; the court further finds that the title to said lands was derived from a common source of title, from Mississippi County, and State of Missouri; that the said Mississippi County executed a deed of conveyance on the 18th day of March, 1914, to one Elvie McDonald, for a valuable consideration, which deed was duly filed and recorded in the Recorder's office of Oregon County, Missouri, on the 1st day of April, 1914, in Deed Record Book 89, at page 370; that said Elvie McDonald caused said land to be surveyed and the boundary lines located and established, and took possession of said lands in question; that said plaintiff was living near the said land in question and had full knowledge of the claim and possession of the said Elvie McDonald and knew that said defendant, George McDonald, purchased said land and exercised the act of ownership over the same, making valuable improvements on the same; the court further finds that the said George McDonald paid the taxes on said land, all of which the plaintiff well knew; the court further finds that in the deed from said Mississippi County to said Elvie McDonald the land was misdescribed, also the deed from said Elvie McDonald to said George McDonald, made the same misdescription as in the said former deed; that said defendant (plaintiff) after finding out there was a misdescription in these deeds immediately induced and procured another deed from the said Mississippi County for the said land in question and filed the suit in question; the court therefore further finds that the said plaintiff well knew all these facts as herein set forth, and is thereby estopped and barred from setting up any claim of title or right to said land in question; the court further finds that the deed from the said Mississippi County to said Elmer Thomas as recorded in Deed Record Book 112, at page 208 is null and void and does not convey any title to this plaintiff; and the court further finds the title well vested in the said George McDonald, to the land in question, to-wit: the northeast quarter of the northwest quarter, west of Eleven Points River, in Section 33, Township 22, Range 2 west, containing 28 acres, more or less, situated in Oregon County, Missouri, and that the plaintiff is making some claim adversely to the interest of the said defendant, George McDonald.

"It is therefore by the court ordered, adjudged and determined that the right, title, interest and estate to said lands above described is vested in fee simple in the said defendant, George McDonald, and that said plaintiff, Elmer Thomas, is hereby divested of any and all title or claim of title, and that he and his grantees are forever barred from claiming or setting up any title to said lands, and that the plaintiff is taxed with all the costs in this behalf expended and that execution issue therefor."

(The word "plaintiff," noted in parentheses, was inserted by us because the word "defendant," in such finding, is palpably an error. The context so shows. Besides, there is no evidence in the record that defendant or his grantor "procured another deed from said Mississippi County.")

The deed from Mississippi County to Elvie McDonald, dated April 1, 1914, and recorded in Book 89, at page 370, did not describe the land in controversy. The land described therein was as follows: Part south fractional half on right bank of river of section thirty-three (33), township twenty-two (22) north, range two (2) west, contained about twenty-eight acres, more or less, and other lands not here involved. The petition alleged that there were ten acres, more or less, in the land described therein and said deed to Elvie McDonald described the land as containing twenty-eight acres, more or less. The land described in the petition and conveyed by Mississippi County to plaintiff on September 17, 1920, lies in the northeast quarter of the northwest quarter of Section 33, Township 22, Range 2, while the land, as described in the Elvie McDonald deed, lies in the south half of said section, and the two tracts as thus described lie at least one-fourth of a mile apart.

Defendant (respondent in this court) has not favored us with a brief. However, the plaintiff, who is appellant here, has filed a full transcript of the record, including the bill of exceptions, and we thus have all of the evidence before us.

Plaintiff testified that he bought the land in controversy from Mississippi County in good faith. By this he did not mean that he bought the land in ignorance of the fact that defendant was claiming it, for he admitted knowledge of that claim and that the land had been surveyed after the deed to Elvie McDonald was executed and that his father's fence was found to be on the land and was afterwards moved to the then ascertained true line. Plaintiff had also previously tried to buy the land from defendant.

There is evidence that defendant did some clearing work on the land and put in crops. The land was inaccessible, except by crossing the land of plaintiff's father, and it appears that trouble arose over the use of the land of plaintiff's father for that purpose, and access to the land was denied to defendant and he could only get

to it thereafter by crossing the river. In that way some of the standing corn was gathered. No buildings were erected on the land by defendant and he did no fencing. He testified that he paid the taxes, except for the years 1920, 1921 and 1922. Taxes for those years were paid by the plaintiff. They were due subsequent to the execution of the deed to him. Plaintiff cleared the land and farmed it during those three years. Because of the claim of defendant, this suit to quiet title was filed.

Plaintiff discovered that the deeds to Elvie McDonald from Mississippi County and from Elvie McDonald to defendant did not describe the land in controversy. He found from the records that Mississippi County had never made a deed to said land and he procured his deed to ten acres, more or less, for the consideration of $50. There is no evidence that any false representations were made by plaintiff in order to secure said deed from Mississippi County.

The trial court evidently found as a fact that defendant attempted to purchase and thought he had purchased the land in controversy from his son and through him from Mississippi County. The evidence also discloses that defendant had known for about five years prior to the execution of the deed from Mississippi County to plaintiff that the two deeds in question did not describe the land which he claimed to own. The record discloses that defendant took no steps to get a new deed from Mississippi County or to have said deed reformed because of the alleged mistake in the description contained therein.

The record presents the question whether one person, with knowledge of the claim of title to land on the part of another person in actual possession, but having no legal title, can acquire the legal title and the right of possession as against such other person by taking a deed from the record owner. The deed from Mississippi County to Elvie McDonald and the deed from Elvie McDonald to defendant did not give defendant even color of title to the land in controversy. [2 C. J. 177; Slicer v. Owens, 241 Mo. 319.] Even though defendant was in open, exclusive and adverse possession of the land, such possession had not continued for the required statutory period to give him title thereto by limitation as against Mississippi County, even if the statute could, in any event, run against said county; a question we need not here consider. Therefore, unless such a mistake was made in the description of the land actually sold to Elvie McDonald as would authorize the reformation of the deed in a proceeding appropriate for that purpose, so as to describe the land in controversy, Mississippi County had the right to retake possession of the land at the time it made its deed to plaintiff.

It would therefore appear to follow necessarily that plaintiff could purchase whatever rights Mississippi County had in the land, unless

he is estopped from doing so because of his knowledge of defendant's claim and his prior attempt to purchase the land from defendant. The trial court rested its judgment upon estoppel in the following words: ''The court therefore further finds that the said plaintiff well knew all these facts as herein set forth, and is thereby estopped and barred from setting up any claim of title or right to said land in question.''

The record is entirely barren of evidence of any acts or conduct of plaintiff which could possibly be said to have induced defendant to take any action to his disadvantage or to refrain from taking any action which would have been to his advantage. There is not the slightest proof that any act or conduct of plaintiff lulled defendant into a sense of security in respect to the validity of his title. Plaintiff merely discovered that defendant had no legal title to the land in controversy and proceeded to acquire it for himself. He is not estopped from asserting his title so acquired by any principle of estoppel with which we are familiar.

Whether, in an appropriate proceeding, defendant may show such a state of facts, in connection with the execution of the deed from Mississippi County to Elvie McDonald, as to entitle him to reformation of that deed, not only as against Mississippi County, but also against its subsequent grantee, the plaintiff, we need not here consider. The trial court found that the deeds to Elvie McDonald and to defendant misdescribed the property purchased. The most that could have been found under the evidence is that such deeds did not describe the land Elvie McDonald and the defendant thought they had purchased. Manifestly, the evidence adduced at the trial was not sufficient to entitle defendant to a reformation of the description in the deed under the general rules defining the quantum and character of proof required for that purpose, as laid down in 34 Cyc. 984, and the Missouri cases cited under note 34. Indeed, the decree does not purport to reform the description contained in either of said deeds. Without such reformation of the deed, we are not advised of any theory upon which the legal title could be divested out of plaintiff and vested in defendant, as the trial court undertook to do in its decree.

The judgment is reversed and the cause remanded, to the end that defendant may take any steps he may be advised to take to protect his alleged right and title to the land in controversy, if he has such. All concur.