In re Petition of J. L. Montgomery et al. for Extension of Boundaries of Worthington Drainage District; J. L. Montgomery et al., Appellants.—55 S. W. (2d) 1017.

Kansas City Court of Appeals.   October 3, 1932.

Certiorari denied by Supreme Court, January 17, 1933.

*S. H. Ellison, E. E. Fogel, Murrell & Murrell* for respondent.

*Mills & Jayne* for appellants.

TRIMBLE, P. J.—This action was begun by the Board of Supervisors of the Worthington Drainage District filing, in the Circuit Court of Schuyler County, Missouri, a petition for a decree extending the boundaries of said district in supposed accordance with the provisions of Section 10784, Revised Statutes Missouri 1929.   Proof of the notice required by said section was made, and thereafter separate exceptions to the granting of said petition were filed by the Chicago, Burlington & Quincy Railroad Company and a large number of landowners whose lands would be included within the said district if its boundaries were enlarged as prayed for, all praying that the prayer of the petition be denied.

The Chariton Drainage Company and the Rhinehart Drainage District also filed their exceptions to the granting of said petition.

Petitioners filed an amended petition on the day the cause was submitted and determined, which amended petition contained the following allegations:

1. "That, they, the above named J. L. Montgomery, Dock Mulanix, A. B. Pratt, Ben B. Hurst and C. H. Truitt are the duly elected, qualified and acting Board of Supervisors of the Worthington Drainage District, which said drainage district is organized under the provisions of Article 1, Chapter 28, Revised Statutes of Missouri, 1919, and file this petition for and on behalf of said district."

2. "That the lands hereinafter described are all swamp, wet, and overflow lands, and lands subject to overflow, lying adjacent to said district, and having an outlet in common with the lands in said district, and your petitioners are asking under the provisions of Section 10784, of Article 1, Chapter 64, Revised Statutes of Missouri, 1929, that the boundary lines of said district be changed and extended so as to annex and include such lands."

3. (Here the petition set out the boundary lines of the lands sought to be annexed.)

4. (Here the petition set out the names of the owners of the various tracts of land sought to be included and the description of each tract.)

"Wherefore your petitioners pray that the boundary lines of said district be changed and extended so as to annex and take in said lands, as provided by Section 10784, aforesaid."

The Chariton Drainage Company filed its exceptions and objections to the granting of said petition, the same being, in substance, as follows:

1. Because—

"Section 10791 of the Revised Statutes of Missouri, 1929, provide a plan for the union and consolidation of two or more adjacent drainage districts existing under the laws of this state and that to now permit the extension of the boundary lines of the Worthington Drainage District as prayed by the petitioners herein would be to permit that to be done indirectly which cannot be done directly without full compliance with the provisions of the aforesaid Section 10791 of said statutes, there having been no election called or held as provided by said section."

2. Because—

"Section 10784 of the Revised Statutes of Missouri, 1929, if construed to permit the extension of the boundary lines of a drainage district so as to encroach upon and include real property situate in another drainage district is unreasonable in that it permits that to be done indirectly which cannot be done directly except under the provisions of the aforesaid Section 10791."

3. Because if Section 10784 permits the inclusion of property in another district already organized the same is unreasonable, confiscatory and violative of Section 21, Article 2 of the Constitution of

Missouri, in that it permits the taking of private property for public use without just compensation. (Respondents have, on this ground, filed a motion to transfer this cause to the Supreme Court on the ground that a constitutional question is involved. Said motion was "taken with the case" and will be disposed of later on herein.)

4. Because the proposed action of the petitioners is in conflict with Section 10791, Revised Statutes Missouri 1929, and hence cannot be done.

5. Because—

"the Chariton Drainage Company above named was organized by the orders and judgments of this court duly made and given on the 7th day of May, A. D. 1909; that since said date said Chariton Drainage Company has adopted a plan for reclamation, assessed benefits and damages, issued bonds for the carrying out of said plan for reclamation and has so far as possible fully drained and reclaimed all of the lands lying within its corporate limits and that it is therefore unnecessary and unreasonable for the lands situated within said Chariton Drainage Company to be included in another drainage district and compelled to pay taxes or assessments for benefits to assist the Worthington Drainage District in the consummation of its plans."

6. Because—

"the extension of the boundary lines of the Worthington Drainage District as proposed by the petitioners herein, will be of no benefit to the Chariton Drainage Company or to the owners of the lands therein situate, but on the contrary will be a detriment thereto in that said owners of lands in the Chariton Drainage Company will be compelled to pay taxes and assessments for benefits for the consummation of the plans of the Worthington Drainage District without any compensation therefor."

7. Because—

"the lands lying within the limits of the Chariton Drainage Company which are sought to be annexed by the petitioners herein are not adjacent to the Worthington Drainage District, and are not swamp, wet, or overflow lands, or lands subject to overflow and d' not have a common outlet with the lands in the Worthington Drainage District, and that their inclusion within the limits of the Worth ington Drainage District will not, without more, leave said Worthington Drainage District a contiguous body of swamp, wet or overflow lands, or lands subject to overflow, as provided in Section 10743 of the Revised Statutes of Missouri, 1929."

8. Because—

"to include within the boundary lines of the Worthington Drainage District lands already included within the boundary lines of the Chariton Drainage Company would be unreasonable, unjust and illegal for the reason that it would create a conflict of authority be-

tween said district and said company as to what plan, or plans, for reclamation might be adopted and executed by either or both of said municipal corporations and a conflict of authority as to the levy-ing and assessing of taxes upon said lands now contained in said Chariton Drainage Company.''

The Chicago, Burlington & Quincy Railroad Company, and a group of individual landowners, headed by John R. Anderson and ending with Eva Huiskamp, filed their exceptions and objections ''identical in form,'' based on the following:

1. ''That by the orders and judgments of this court duly made and given on the 7th day of May, A. D. 1909, the Chariton Drainage Company was duly incorporated as a drainage district under the laws of this state; that the lands above described so owned by this objector are within the boundary lines of said Chariton Drainage Company; that said Chariton Drainage Company has adopted a plan for reclamation, assessed benefits and damages, issued bonds for carrying out its said plan for reclamation, and has assessed and collected taxes or assessments for benefits as provided by law, and has so far as possible drained and reclaimed this objector's lands above described from the effects of overflows.''

2. ''That the lands of this objector are not adjacent to the lands included within the limits of the Worthington Drainage District and will not be benefited by the plan for reclamation adopted by said Worthington Drainage District.''

3. ''That to include this objector's lands above described within the limits of the Worthington Drainage District will place the same under the government and control of two different boards of supervisors and will subject the same to taxation for the purpose of carrying out two different and conflicting plans for reclamation.''

4. ''That this objector's lands above described are not swamp, wet or overflow lands, or lands subject to overflow and do not have a common outlet with the lands included within the present limits of the Worthington Drainage District.''

5. ''That to extend the boundaries of the Worthington Drainage District so as to include this objector's lands above described will not leave said Worthington Drainage District in a contiguous body of swamp, wet or overflow lands, or lands subject to overflow.''

6. ''That to include this objector's lands above described within the limits of the Worthington Drainage District would be violative of section 21, of Article 2, of the Constitution of the State of Missouri, in that it would be taking private property for public use without just compensation.''

7. ''That there is nothing in the character or situation of this objector's lands above described which would enable them to share in any benefit contemplated by the Worthington Drainage District or

making it inequitable to exclude them from the limits of said district.''

8. A general denial of all allegations in the petition.

9. The same objection, though in somewhat different form, as in above paragraph No. 6, and of No. 3 in Chariton Drainage Company's answer.

A further group of landowners, headed by D. H. Miller and ending with M. T. Gregory, filed their exceptions and objections, based on the following grounds:—

''First: Because said land and no part thereof is swamp, wet or overflow lands, or lands subject to overflow, and do not have a common outlet for drainage purposes or otherwise with the lands, or any of the lands, included within the present boundary of Worthington Drainage District.

''Second: These objectors further state and represent that heretofore, on the —— day of ——, 1913, this court by its judgment and decree did duly establish and incorporate the Rinehart Drainage District in Schuyler County, Missouri, under the laws of the State of Missouri, pertaining to the organization of drainage district, which said Rinehart Drainage District is now in existence, and functions as a corporation, and which objects to being included in said Worthington Drainage District, and if included, said fact will lead to such confusion, contention and misunderstanding as to wholly destroy any hope of the successful operation, or management of either.

''Third: Because the inclusion of said lands within the boundaries of said Worthington Drainage District would in no way benefit the lands of objector, nor would said inclusion benefit said Worthington Drainage District.

''Fourth: Because objectors' lands are not adjacent to the lands now included within the boundaries of said Worthington Drainage District.

''Fifth: Because the description of the boundary lines of said Worthington Drainage District sought to be changed so as to annex and include other lands, is so indefinite and uncertain that the court (cannot) ascertain from said petition what lands, if any, would be included in said proposed extension, and the description of the various tracts of land sought to be included by said extension is so indefinite and uncertain (that the court cannot ascertain) or determine what lands will be included in said Worthington Drainage District by reason of said proposed extension of the boundary lines as prayed in the petition.

''Sixth: That the proposed consolidation, or combination of the Worthington Drainage District and Rinehart Drainage District and the other lands, including those of objectors, violates the provision of section 10791, Revised Statutes of Missouri, 1929, and the petitioners are attempting to take from objectors, and other landowners,

and drainage districts, the rights and privileges given under said section, and depriving them of their rights and property without due process of law, and in violation of their rights under the Constitution of the United States and under the Constitution of Missouri.

"Seventh: For the reason that to extend the boundary lines of Worthington Drainage District so as to include objectors' land and the other lands mentioned in the petition will not constitute the Worthington Drainage District a contiguous body of swamp, wet or overflow lands or lands subject to overflow, with a common outlet as required by the statutes of the State of Missouri.

"Eighth: Because the proposed plan of drainage by Worthington Drainage (District) will involve the expenditure of such sums as to amount to a confiscation of objectors' lands, and of the lands of the other objectors included in the proposed extension of the limits of said Worthington Drainage District.

"Ninth: Because the farming and financial condition existing throughout the country generally and in the neighborhood and including objectors' said lands in particular, is such as to make it definite and certain that any system of drainage proposed by Worthington Drainage District is impractical, and only serves to place a cloud on objectors' title to said land, and will not and cannot at this time, nor at any reasonable time in the future be of any utility, or benefit, to the land of objector.

"Tenth: That on account of business depression existing throughout the land, and of the farming conditions so existing the inclusion of objectors' lands in Worthington Drainage District will amount to a confiscation of same.

"Eleventh: Because the lands of objectors are already protected from drainage of overflow by levees, drains and other means largely constituted and maintained by objectors, which would be lost to objectors by being included in Worthington Drainage District.

"Objectors deny each and every allegation contained in the petition."

A still further group of landowners, headed by Abner H. Bowen and ending with Edward W. Bowen, also filed exceptions, based upon practically the same grounds as those last shown.

The Rinehart Drainage District likewise filed its exceptions based upon the following grounds:—

"First: That the said Rinehart Drainage District and the owners of the land therein contained have at great expense and for the purpose of reclaiming the swamp, wet and overflow lands and lands subject to overflow in said Rinehart Drainage District, built and erected several miles of levees and dikes of an average height of about eight feet, and have constructed within the boundaries of said district various ditches and laid numerous lines of tile and erected a pumping plant to pump from and remove from said lands surface water there-

in, and have reclaimed as far as possible the lands within said drainage district; that no part of the lands contained in said Rinehart Drainage District are now swamp, wet or overflow lands or lands subject to overflow by reason of the improvements made by said Rinehart Drainage District as aforesaid.

"Second: That said Rinehart Drainage District is and was organized for the same purposes and objects as was the Worthington Drainage District, that is to say, for the purposes of reclaiming lands in said district under said drainage law, and that the extension of the boundary lines of said Worthington Drainage District so as to include the lands contained in the Rinehart Drainage District would create a conflict of authority as to jurisdiction of the property in said Rinehart Drainage District and as to the mode of reclamation of the lands in said Rinehart Drainage District and the taxation thereof for the purpose of carrying out any plan for reclamation that might be adopted; that said Rinehart Drainage District and its Board of Supervisors have been, and are capable, of protecting the lands within said district from the effects of overflow and to reclaim the same as contemplated by the organization of said district, and the inclusion of the lands of said Rinehart Drainage District within the boundaries of said Worthington Drainage District is unjust, unreasonable and illegal and will prevent or greatly interfere with the said Rinehart Drainage District in exercising its lawful rights and duties as to the reclamation and protection of the lands contained in said district as contemplated under the drainage laws of the State of Missouri.

"Third: That said Rinehart Drainage District and the owners of land therein have fully reclaimed the swamp, wet and overflow lands within said district, as aforesaid, and said Rinehart Drainage District will suffer irreparable damage and injury if the lands therein are taken into and become a part of the Worthington Drainage District.

"Fourth: That to include the lands now included within the Rinehart Drainage District within the boundary lines of the Worthington Drainage District would result in the taking and damaging of private property of said Rinehart Drainage District without just compensation and in violation of section 21, Article 2, of the Constitution of the State of Missouri, and in violation of Amendment 5, of the Constitution of the United States of America.

"Fifth: Because to extend the boundary lines of said Worthington Drainage District so as to include within the boundary lines of said district the lands and other property of the said Rinehart Drainage District would cause said Worthington Drainage District to overlap the territory included in said Rinehart Drainage District and would deprive and prevent said Rinehart Drainage District and its Board of Supervisors from performing its functions and duties as a municipal corporation in reclaiming and preserving improvements already

made for the reclamation of the lands within said Rinehart Drainage District, and the granting of said petition would place the lands of said Rinehart Drainage District under the government and control of two different drainage districts, and two different boards of supervisors' with conflicting interests and with different plans for the reclamation of said land, and the same would be illegal, unreasonable and unjust and in violation of the rights of the landowners of the said Rinehart Drainage District.

"Sixth: Because said petition of said Worthington Drainage District and its Board of Supervisors attempts fraudulently to avoid the effect and provisions of Section 10791 of the Revised Statutes of the State of Missouri for the year 1929, providing for the consolidating of adjacent drainage districts, and said petitioners are attempting to do indirectly that which they cannot do directly, to-wit: Incorporate within the boundary lines of the Worthington Drainage District the lands of the Rinehart Drainage District in violation of the rights of the landowners of said Rinehart Drainage District to consent thereto or vote upon the proposition of consolidation of said districts. And said petition further seeks to include within the boundary lines of said Worthington Drainage District certain lands in the Chariton Drainage Company, and thereby fraudulently and unlawfully seeks to avoid said section of the statute relative to consolidation of drainage districts.

"Seventh: Because the description of the boundary lines of the Worthington Drainage District sought to be changed so as to annex and include other lands is so indefinite and uncertain that the court cannot ascertain from said petition what lands, if any, would be included in said proposed extension, and the description of the various tracts of land sought to be included in said extension of said boundary lines is so indefinite and uncertain that the court cannot ascertain and determine what lands, if any, would be included in said Worthington Drainage District by reason of the granting of the petition.

"Eighth: Because the lands included within the boundary lines of the Rinehart Drainage District are not swamp, wet or overflow lands or lands subject to overflow and do not have a common outlet for drainage purposes, or otherwise, with the land or any of the lands included within the present boundary lines of the Worthington Drainage District;

"Ninth: Said Rinehart Drainage District further denies each and every allegation in petitioners' petition contained."

On the 26th of June, 1931, the court having theretofore heard the evidence and having taken the cause under advisement, found that the petition was duly filed and that the boundary lines of the property and the names of the owners were correctly stated; that the clerk duly gave the notices required by the statute. The judgment then continued:—

452

"The court further finds that since the organization of the Rinehart Drainage District and the Chariton Drainage Company, all the lands included within the boundaries thereof, respectively, have been reclaimed by the plans of drainage of said Rinehart Drainage District and the said Chariton Drainage Company and are neither wet, swamp, nor overflow lands or lands subject to overflow, within the meaning of Section 10784, Revised Statutes of Missouri 1929.

"The court further finds that the lands owned by Frank Ladwig, Abbie Ladwig, D. H. Miller, Annie Miller, Burr L. Eastin, Maude V. Eastin, Lenora Hays, Charles W. Myers, Edward A. Smock, Mary G. Smock, Dr. N. W. Gillian, J. C. Mills and James Newcomer, and the lands lying within the Adair Drainage District are not adjacent to the Worthington Drainage District and are neither wet, swamp or overflow or subject to overflow within the meaning of said statute.

"Whereupon the objections of the Rinehart Drainage District to the inclusion of any of the lands in the Worthington Drainage District that are within the confines of the Rinehart Drainage District *are sustained,* and the objections of Edward W. Bowen and Della F. Bowen to the inclusion of the lands described in the petition as be-- longing to them and described in their objections, as follows, to-wit (here is description of lands of said objectors) :

"And the objections of Abner H. Bowen, Bidwell W. Alexander, Della F. Bowen and B. M. Funk to the inclusion of the lands described in the petition as belonging to them and described in their objections as follows, to-wit (here is description of lands of said objectors) :

"And the objections of Edward W. Bowen to the inclusion of the lands described in the petition as belonging to him and described in his objections as follows, to-wit (here is description of land of said objector) :

"And the objections of Frank Ladwig, Abbie Ladwig, D. H. Miller and Annie Miller, J. B. Alexander, Jennie L. Alexander, P. McDowell, M. T. Gregory, Daniel Morton, Evelyn Morton, W. H. Lansdale, Martha Lansdale and A. J. Huston *are sustained,* and plaintiff's petition for the inclusion of the lands of the owners last aforesaid *is denied,* and the objections to the inclusion of any of the lands embraced within the Adair Drainage District *are sustained* and, whereupon, the objection of said Chariton Drainage Company to the inclusion of any lands within its boundaries as laid out and described by the decree of incorporation of this court *are sustained* and the objections of John E. Berry, Stella Berry, Alfred E. Berry, Hazel Berry, John R. Anderson, W. M. Landtiser and Laura Landtiser, W. A. Logan, Eva Huiskamp, H. L. Lyberger, Charlie Lyberger, Mamie Lyberger, Henry Lyberger, Lewis W. Lyberger, C. E. Stockton, I. T. Stockton, W. F. Stockton, O. D. Stockton, Henrietta Stockton, and Mary Franklin, owners of land therein are by the court *sustained.*

"The court further finds that the following lands described in plaintiff's petition are swamp, wet and overflow lands and lands subject to overflow and that they have an outlet in common with the lands in the Worthington Drainage District and that the names of the owners of such lands, together with the description of the lands owned by each are as follows, to-wit: (Here follows names and description of lands.)

"It is further ordered, adjudged and decreed by the court that the said lands belonging to Edward W. Bowen, Della F. Bowen, Edward W. Bowen, Abner H. Bowen, Bidwell W. Alexander, B. M. Funk, Della F. Bowen and Rinehart Drainage District are not swamp, wet or overflow lands or lands subject to overflow or having an outlet in common with the lands of the Worthington Drainage District within the meaning of Section 10784, Revised Statutes of the State of Missouri for the year 1929.

"It is adjudged and decreed by the court that the objections heretofore filed herein by Edward W. Bowen (here are stated a long list of owners whose lands were sought to be included), and Chariton Drainage Company, *are sustained* and that the boundary lines of said Worthington Drainage District be and the same *are hereby extended so as to annex and include all of the lands and other property last above described within the said Worthington Drainage District.* And it is further ordered, adjudged and decreed by the court that *none of the lands of objectors* described in the *amended petition and in their objections be included within the boundary lines of said Worthington Drainage District,* and *that the said boundary lines of said Worthington Drainage District are hereby extended* and fixed in accordance with the foregoing finding as follows, to-wit: (here follows description of boundary lines as extended by decree).

"It is further ordered that the costs herein incurred by said objectors be taxed against the Worthington Drainage District." (All italics ours.)

We have set out the record in the full and complete manner shown above because it is difficult to present the questions involved herein in any shorter compass.

The motion to transfer to the Supreme Court is overruled for the reason that it has been so frequently held that the organization of a district or the inclusion of lands therein is *not* a taking or damaging of private property without due process of law, or without just compensation, in violation of Section 21, Article 2, of the Missouri Constitution or of Amendment 5 to the United States Constitution, that certain of the cases say the matter is no longer an open question. Hence there is no constitutional question in this case. [Prior v. Buchler, etc., Const. Co., 170 Mo. 439; Barber Asphalt Paving Co. v. French, 158 Mo. 534; same case on writ of error to U. S. Supreme

Court, 181 U. S. 324; Meier v. City of St. Louis, 180 Mo. 391; McGhee v. Walsh, 249 Mo. 266; Honey Creek Drainage Dist. v. Farm City Inv. Co., 32 S. W. (2d) 753.

On the merits of the case, it will be observed that the circuit court sustained the exceptions of some of the objectors and denied the petition as to their lands, but granted the prayer of the petition and extended the boundaries so as to include certain of the lands the court deemed were proper to be included. The petitioners, therefore, appear to have appealed because the court did not grant their request *to the extent* they desired. Unquestionably the court is not restricted by Section 10784, Revised Statutes of Missouri 1929, to either granting the petition as it stands or refusing it altogether. The very language of the statute shows that the court can make any modification the evidence may show to be necessary so as to include or exclude from the extension the lands owned by *each*. They are required to be particularly described and *any owner* may object, may have the question whether his land should be included within the extension decided, and *any owner,* or the Board of Supervisors, may appeal from the court's decision. So that clearly the trial court had the power to grant the extension as to some lands and refuse to grant it as to others according to the evidence brought before him.

Now, with regard to that, we find in the record ample and substantial evidence to support the finding of the court. There was, in addition to other questions arising, a question of whether the lands of objectors were or were not "wet, swamp, overflow lands or lands subject to overflow" or "lands having an outlet in common with lands in the district" as thus described in said Section 10784. There being an *issue* as to these, and testimony to support the finding of the trial court, the judgment is conclusive upon us in the entire absence of any error in excluding or admitting evidence in regard thereto which might call for a retrial of the issues. [Slicer v. Owens, 241 Mo. 319.] In this case there were no declarations of law asked or given, consequently there being evidence to support the judgment, the result is not reviewable on appeal. [Buford v. Moore, 177 S. W. 865. See also State ex rel. v. Wright, 270 Mo. 376; Wiley v. Harlow, 274 Mo. 170.]

Under the well established rule just noted, the judgment can and should be affirmed; therefore it is not strictly necessary to pass upon the question raised whether the territory of a drainage district *already organized and functioning* can be included in, or brought within, the boundaries of another district by an extension of boundaries of the latter in a proceeding brought under Section 10784? Certainly the Legislature has not *expressly* said so, and in Section 10791, Revised Statutes of Missouri 1929, it is provided that two or more adjacent districts may be united and consolidated into one, but in that case

the owners of the land in each district have the right to vote, according to their acreage, in an election called to decide the matter. In People ex rel. v. Crews, 245 Ill. 318, 322, the court, in speaking of two drainage districts, said: "Both districts are *quasi* corporations and both organized for the *same purpose,* and it is inconsistent for two such corporations to occupy the *same* territory at the *same* time for the *same* purpose." (All italics, except the first, ours.) In State ex rel. v. Bugg, 224 Mo. 537, in speaking of a Drainage District organized by a county court, in which that body governs the district and the latter has no officers of its own, and such drainage district has exhausted its powers, or the system it has constructed is inadequate, or, in other words, the district has failed to function adequately, the Supreme Court say the only way is to organize another district embracing the same lands and give the latter another number. Clearly this is no authority holding that a Circuit Court Drainage District can extend its boundaries and take in lands belonging to another similarly organized district which is *still properly functioning.* It would seem that in the case decided, an impotent district was to be *supplanted* by a district capable of doing the work desired with no opportunity for a conflict of authority.

In Little River Drainage District v. St. Louis & San Francisco R. Co., 236 Mo. 94, a remark is made, to-wit: "The fact that the land is a part of an existing drainage district and has paid benefits therein, is not a valid objection to including it in the proposed district, and the court properly refused objector's instruction No. 8." Said instruction is not set out or otherwise disclosed in the opinion. But evidently the objector was endeavoring, by a *mere instruction,* to make an objection to the creation of the new district. But that was not the way to raise an objection to the legality of the *creation* of it. This was the question before the court, and no question was raised as to the *power* to include in the lands already in an organized and functioning district and properly taken care of therein. Hence it is not deemed an authority in support of what petitioners seek to do herein.

Moreover, the limited *scope and purpose* of one district in that case was so *different* from those in the other district that the court said it could see no more danger of a conflict of jurisdiction in that case than in the one in State ex rel. v. Bugg, supra.

Another thing that occurs to us, though no mention of it is made in the briefs, is this: A petition for extension of the boundaries of a district should, it would seem in a case like this, state reasons *why* the extension is sought and the bases of the inclusion of other lands in the district, other than the mere allegation that the lands are wet, etc., else the petition may fail to state a cause of action under the peculiar circumstances of this case. It is a mere bald request of the court to act. Manifestly the statute contemplates that the petition to

extend should, in such peculiar circumstances, state facts on which the request for extension is asked. Especially would this seem to be necessary since Section 10784 says the "objection shall be limited to a denial of the *statements made in the petition.*" An examination of the petition will disclose, however, that it does not contain any *facts* other than that the lands are wet, etc., which would justify or even call for the proposed extensions.

However, let the matters contained in the above two last paragraphs be as they may, it is clear that, under the first point hereinabove discussed, the appellate court is not authorized to interfere, and the judgment should be, and is therefore, affirmed. All concur.